THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

| | | |
|---|---|---|
| GARY M. TEETER, | ) | Case No. 1:08CV00048 DS |
| Plaintiff, | ) | |
| vs. | ) | |
| | | MEMORANDUM DECISION |
| LOFTHOUSE FOODS, | ) | AND ORDER |
| Defendant. | ) | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

## I.   INTRODUCTION

This matter arises out of Defendant's termination of Plaintiff's employment allegedly after he was diagnosed with Hepatitis C. Plaintiff complains that by terminating his employment, Defendant violated the Americans with Disabilities Act ("ADA") and the Employee Retirement Income Security Act ("ERISA"). Plaintiff also complaints that he was wrongfully discharged.

Pursuant to Fed. R. Civ. P. 12(b)(6), Defendant moves to dismiss the First (ADA), Second (ERISA), and Third (Wrongful Discharge) Causes of Action of Plaintiff's Complaint on the grounds that Plaintiff fails to state a claim for which relief can be granted.[1]

---

[1]Plaintiff now concedes that his Third Cause of Action for Wrongful Discharge under state law is preempted by ERISA.

## II.   STANDARD OF REVIEW

In *Bell Atlantic Corp. V. Twombly*, 127 S. Ct. 1955, 1965 (2007), the Court changed the way a motion to dismiss is analyzed. Previously, a complaint was sufficient "unless it appeared without a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).   After *Twombly* the complaint must plead sufficient facts, that when take as true, provide "plausible grounds" that "discovery will reveal evidence" to support plaintiff's allegations. *Twombly*, 127 S.Ct. at 1965.  The burden is on the plaintiff to frame a "complaint with enough factual matter (taken as true) to suggest" that he or she is entitled to relief.  *Id.*  "Factual allegations must be enough to raise a right to relief above the speculative level."  *Id*.  The allegations must be enough that, if assumed to be true, the plaintiff plausibly (not just speculatively) has a claim for relief. *Robbins v. Oklahoma*, 519 F.3d 1242, 1247-48 (10th Cir. 2008).

In reviewing the Complaint the Court accepts as true all well pleaded allegations of the complaint and views them in the light most favorable to the non-moving party. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006).  Legal conclusions, deductions, and opinions couched as facts are, however, not given such a presumption.  *Mitchell v. King*, 537 F.2d 385 (10th Cir. 1976); Swanson v. Bixler, 750 F.2d 810 (10th Cir. 1984).

2

### III.  DISCUSSION

**A. ADA Claim (Count I).**

Defendant first urges that Plaintiff fails to allege sufficient facts to support a claim for discrimination based on disability.

"To recover under the ADA, a plaintiff must establish that [he] is a disabled person as defined by the ADA; that [he] is qualified, with or without reasonable accommodation, to perform the essential functions of the job [he] held; and that [his] employer discriminated against [him] because of [his] disability." *Cox v. Kempton Co.*, 2008 WL 2660974, at *3-4 (W.D. Okla. June 26, 2008)(citing *Doyal v. Oklahoma Heart, Inc.*, 213 F.3d 492, 495 (10th Cir. 2000).  Under the ADA, a disability to an individual is defined as: "(A) a physical or mental impairment that substantially limits one or more of the major life activities of such individual;[2] (B) a record of such an impairment; or © being regarded as having such an impairment." 42 U.S.C. § 12102(2).

With regard to the ADA Claim, the Complaint alleges little more than the following:

> 7. At all times herein material, Plaintiff was a member of a protected class under the American's With Disabilities Act.
> 12. On September 22, 2003, Plaintiff was diagnosed with Hepatitis C.

---

[2]"Major life activities include such functions as caring for oneself, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, sleeping, sitting, standing, lifting, reaching, and working." *Doyal,* 213 F.3d at 495-96.

13.  Because Plaintiff worked around food products, Plaintiff immediately informed Defendant of his medical condition. ...
16.  On November 12, 2003, Plaintiff was informed that he was going to be terminated.
24.  At all times material, Plaintiff was a qualified individual within the meaning of ADA.
25.  Defendant violated 42 U.S.C. § 12112 by terminating Plaintiff because of his disability.

Compl. at ¶¶ 7,12,13,16,24,25.[3]

While *Twombly* does not require "heightened fact pleading of specifics", it does require "enough facts to state a claim to relief that is plausible of its face." Twombly, 127 S. Ct. at 1974. Here for example, even construing the facts liberally and viewing them in a light favorable to the Plaintiff, the Court concludes that he has failed to sufficiently plead facts that show he was a disabled person for purposes of the ADA as defined in 42 U.S.C. § 12102(2). Without more, the Complaint does not allege a plausible entitlement to relief and, therefore, fails to state a claim for relief.

**B. ERISA Claim (Count II).**

Defendant next urges that Plaintiff's claim under ERISA § 510, 29 U.S.C. § 1140, is barred because he failed to bring it within the applicable statute of limitations, which Defendant asserts is 180 days under Utah's Antidiscrimination Act, Utah Code Ann, § 34A-5-

---

[3]Relying on *Poindexter v. Atchison, Topeka & Santa Fe Railway1 Co.*, 168 F.3d 1228 (10th Cir. 1999) and *Sheets v. CTS Wireless Components, Inc.*, 213 F. Supp. 2d 1279 (D.N.M. 2002), Plaintiff urges that at the pleading stage in an ADA action he need do no more than identify his impairment.

107(1)(c), or alternatively, 4 years under Utah's catchall statute, Utah Code Ann. § 78B-2-307(3).[4]   Defendant contends that under either statute, Plaintiff's claim is barred because he was discharged on November 12, 2003, and this action was not filed until Mary 13, 2008.

Plaintiff, however, asserts that his ERISA claim is brought under ERISA § 502, 29 U.S.C. § 1332(a), which he contends is subject to the 6 year limitation period provided by Utah Code Ann. § 78-12-23 for actions based on an instrument in writing.

The Court concludes that Plaintiff's ERISA claim can be viewed as alleging claims under both ERISA § 510, 29 U.S.C. § 1140[5], and

---

[4]Because ERISA does not provide a limitations period for actions arising under the relevant provisions, the Court is directed to apply the most analogous state statute of limitations. *Held v. Mfrs. Hanover Leasing Corp.*, 912 F.2d 1197 (10th Cir. 1990); *Lang v. Aetna Life Ins. Co.*, 196 F.3d 1102, 1104 (10th Cir. 1999).

[5]ERISA § 510, 29 U.S.C. § 1140, provides in part as follows: It shall be unlawful for any person to discharge, fine, suspend, expel, discipline, or discriminate against a participant or beneficiary for exercising any right to which he is entitled under the provisions of an employee benefit plan ... or for the purpose of interfering with the attainment of any right to which such participant may become entitled under the plan .... The provisions of section 1132 of this title shall be applicable in the enforcement of this section.

ERISA § 502, 29 U.S.C. § 1132(a)[6].  See Compl. ¶¶ 44-47 (alleging violation of 29 U.S.C. § 1140, but also seeking recovery of benefits and equitable and injunctive relief - which are provided for under 29 U.S.C. § 1132(a)).

Plaintiff does not contest that any claim arising under ERISA § 510, 29 U.S.C. § 1140, is barred under either limitations period urged by Defendant.  Therefore, insofar as the Complaint can be viewed as alleging a violation of 29 U.S.C. § 1140, that claim is dismissed.

On the other hand, Defendant, who asserts only that a claim under ERISA § 502, 29 U.S.C. § 1132, has not been plead, does not contest Plaintiff's contention that any claim arising under 29 U.S.C. § 1132 is subject to Utah's 6 year limitation period. Because the Court finds that Plaintiff's ERISA claim may also be viewed as arising under 29 U.S.C. § 1132, that portion of Plaintiff's Second cause of action is not time barred.

---

[6]ERISA § 502, 29 U.S.C. § 1132(a), provides in relevant part as follows:
A civil action may be brought-
        (1)by a participant or beneficiary-
            ...
            (B)to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan;
        ...
        (3)by a participant, beneficiary, or fiduciary (A)to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B)to obtain other appropriate equitable relief ....

Nevertheless, as Defendant notes, Plaintiff's claim under ERISA § 502, 29 U.S.C. § 1132, is subject to exhaustion of administrative remedies. *See Held,* 912 F.2d at 1206 ("exhaustion of administrative (i.e., company- or plan-provided) remedies is an implicit prerequisite to seeking judicial relief). Because the Complaint contains no allegations of what administrative remedies, if any, were pursued, it must be dismissed.

### III.  CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss (Doc. #10) is granted.  In the interest of justice, however, Plaintiff, if he so desires and consistent with this decision, is given leave of Court to  amend his Complaint no later than 15 days from the date of this Decision.

IT IS SO ORDERED.

DATED this 25th day of February, 2009.

BY THE COURT:

DAVID SAM
SENIOR JUDGE
UNITED STATES DISTRICT COURT

7