THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | | |
|---|---|---|
| GARY M. TEETER, | ) | Case No. 1:08CV00048 DS |
| Plaintiff, | ) | |
| vs. | ) | |
| | | MEMORANDUM DECISION |
| LOFTHOUSE BAKERY PRODUCTS, INC., | ) | AND ORDER |
| Defendant. | ) | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**I.  INTRODUCTION**

As noted in the Court's earlier opinion, this matter arises out of Defendant's termination of Plaintiff's employment allegedly after he was diagnosed with Hepatitis C.  In his Amended Complaint Plaintiff complains that by terminating his employment, Defendant violated the Americans with Disabilities Act ("ADA") and the Employee Retirement Income Security Act ("ERISA").

The Court previously dismissed Plaintiff's ERISA Claim for failure to plead exhaustion of administrative remedies.  By its present motion under Fed. R. Civ. P. 12(b)(6), Defendant seeks dismissal of Plaintiff's Second (ERISA)Cause of Action of the Amended Complaint on the grounds that by failing to allege any new facts regarding the exhaustion of administrative remedies,

Plaintiff again fails to state a claim for which relief can be granted.[1]

## II.   STANDARD OF REVIEW

As noted in the Court's prior opinion, in *Bell Atlantic Corp. V. Twombly*, 127 S. Ct. 1955, 1965 (2007), the Court changed the way a motion to dismiss is analyzed.  Previously, a complaint was sufficient "unless it appeared without a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).   After *Twombly* the complaint must plead sufficient facts, that when take as true, provide "plausible grounds" that "discovery will reveal evidence" to support plaintiff's allegations. *Twombly*, 127 S. Ct. at 1965.  The burden is on the plaintiff to frame a "complaint with enough factual matter (taken as true) to suggest" that he or she is entitled to relief.  *Id.*  "Factual allegations must be enough to raise a right to relief above the speculative level."  *Id*.  The allegations must be enough that, if assumed to be true, the plaintiff plausibly (not just speculatively) has a claim

---

[1] After Defendant's Motion was filed, Plaintiff clarified that his ERISA claim in the Amended Complaint, is under 29 U.S.C. § 1132(a)(1)(B).  Mem. Opp'n p. 2.  Defendant's argument directed towards any claim under § 1132(a)(2), therefore, is viewed by the Court as moot.

for relief. *Robbins v. Oklahoma*, 519 F.3d 1242, 1247-48 (10th Cir. 2008).

In reviewing the Complaint the Court accepts as true all well pleaded allegations of the complaint and views them in the light most favorable to the non-moving party. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006). Legal conclusions, deductions, and opinions couched as facts are, however, not given such a presumption. *Mitchell v. King*, 537 F.2d 385 (10th Cir. 1976); Swanson v. Bixler, 750 F.2d 810 (10th Cir. 1984).

### III.   DISCUSSION

**A. ERISA Claim (Count II).**

Defendant again urges that, consistent with the Court's prior decision, Plaintiff's ERISA claim must be dismissed for failure to exhaust administrative remedies. *See Held v. Manufacturers Hanover Leasing Corp.,* 912 F.2d 1197, 1206 (10th Cir. 1990)("exhaustion of administrative (i.e., company- or plan-provided) remedies is an implicit prerequisite to seeking judicial relief .... otherwise, lawsuits likely would be-and should be-dismissed for lack of ripeness"); *see also Variety Children's Hosp., Inc. v. Century Med. Health Plan, Inc.*, 57 F.3d 1040, 1042 (11th Cir. 1995)(to avoid dismissal, plaintiff seeking benefits under an employee benefits plan must plead or recite "facts showing that it ha[s] exhausted its administrative remedies under the plan").

Plaintiff counters by asserting that he has alleged that he has exhausted the administrative remedies available to him and that whether he has exhausted his plan's administrative remedies are factual determinations inappropriate for a 12(b)(6) motion to dismiss.  *See* Am. Compl. ¶ 47 ("Plaintiff exhausted his administrative remedies in so far as the Plaintiff applied for his benefits and the benefits were denied").  Plaintiff also relies on *McGraw v. Prudential Ins. Co.*, 137 F.3d 1253, 1263 (10th Cir. 1998), for the proposition that courts have applied the exhaustion requirement as a matter of judicial discretion and have not required exhaustion where resorting to administrative remedies would be futile or where the administrative remedy would be inadequate.

As noted above, in reviewing a complaint the Court accepts as true all well pleaded allegations and views them in the light most favorable to the non-moving party.  However, legal conclusions, deductions, and opinions couched as facts are not given such a presumption.  Here the Court finds Plaintiff's allegation, that he has exhausted his administrative remedies "in so far as" he tried to fill a prescription which was denied because his employer had terminated his medical coverage, Compl. ¶¶ 47, 20, 21,  is both conclusory and opinion couched as fact.

Additionally, the Court agrees with Defendant that Plaintiff has failed to meet the basic 12(b)(6) pleading standard as outlined in *Twombly*, 127 S. Ct. 1955 (2007), because he has not alleged

sufficient facts, taken as true, to establish beyond speculation that he has exhausted his administrative remedies, or that resorting to any available remedy would be futile or inadequate. *See Robbins v. Oklahoma,* 519 F.3d 1242, 1247 (10th Cir. 2008)("allegations must be enough that, if assumed to be true, the plaintiff plausibly (not just speculatively) has a claim for relief.").

Even if the Court were inclined to exercise its discretion with regard to the exhaustion of remedies requirement based on futility or lack of remedy exceptions, there simply are no supporting factual allegations alleged justifying such relief. *See Baker v. Comprehensive Employee Solutions,* 227 F.R.D. 354, 356-57 (D. Utah 2005)(granting dismissal of plaintiffs § 1132(a)(1)(B) claim because plaintiffs failed to meet their burden in showing that exceptions to exhaust administrative remedies applied).

In sum, because Plaintiff has completely failed to allege any steps he took to seek plan review before filing his lawsuit, or to allege why such review would be futile or would not provide him with an adequate remedy, he has failed to sufficiently allege that he exhausted his administrative remedies as required. Accordingly, his ERISA Claim must be dismissed.

### III.  CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss Plaintiff's Second Cause of Action (ERISA) of the Amended Complaint (Doc. #22) is granted.

IT IS SO ORDERED.

DATED this 28th day of May, 2009.

BY THE COURT:

_[signature: David Sam]_

DAVID SAM
SENIOR JUDGE
UNITED STATES DISTRICT COURT